UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA



FILED
CLERK, U.S. DISTRICT COURT
JAN 23 2023
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

RE: BIVENS V. SIX UNKNOWN FEDERAL OFFICERS
REQUEST FOR "CIVIL INVESTIGATIVE DEMAND"

Related DDJ

Plaintiffs:
Travis D. Arnold, Ph.D, Psych Intern K. Oshiro,
Sen. Ofcr. Danny Long & Spouse (Unknown), & (Coleman, Flo)
Dr. Li, Richard MD plus Inmate Jackson Junior Harrison

CASE NO: CV23-557 - DMG (PVC)

V.

Defendants:
Western Regional Director Ms. M. Rios, Complex Warden B. Lammer, Lt. M. Montgomery (Chief Defendant), Psych. Dr. Pagano (MS), Lt. (SHU) De Woody, Staff Representative A. Orr, DHO D. Godwin (Regional Employee), Sen. (SHU) Mr. Bandana & RN Joseph Esquetin, Catalino Bacetisin M.D., AW/Capt. Stickles

; Demand Jury Trial

REQUEST FOR "CIVIL INVESTIGATIVE DEMAND" for FBI SPECIAL AGENT POLYGRAPH TESTER FOR ALL PLAINTIFFS.

On Feb. 27, 2022, time 1744 hrs, I was called to the Lt.'s Complex at FCC USP Victorville under an Incident Report for "missing the cell door during 4pm Count-Prep" by 3B Dorm Ofcr. Danny Long.

During the interview with Lt. (SIS) M. Montgomery, I stated that Danny is being a racist again. SIS Lt. M. Montgomery & another SIS Lt. known as "Red" took this as offensive.

1) First, SIS Lt. "Red" produced a homemade knife from his "pullover" shirt pocket & threatened to plant the weapon on me (referring to my property) & have me transferred, in front of SIS Lt. M. Montgomery.

Second, SIS Lt. M. Montgomery stated that he heard me tell Sen. Ofcr. Danny Long that I would kill Ofcr. Long & his wife if he caused me to "lose good time" while in Unit 3B.

2) I was falsely Accused by U.S. Govt. Employees of the BOP for a Code 203 - Threatening Bodily Harm Incident Report No. 3600099, which is a clear violation of California Code & (Federal) Criminal Code "Falsely Accusing a Person of Committing a Criminal Offense."
   I have the U.S. Constitutional Rights to file a criminal complaint with the DOJ by an FBI Case Agent & the Right for Civil Damages.

3) DHO Godwin "refused" to expunge the infraction & allow a statement from Ret. Army Ranger Ofcr. Danny Long or his spouse. Mr. Godwin refused give me "back time" for the 30 days that I had already been in the SHU (Special Housing Unit), which caused me to do 96 of 98 days in the SHU.

4) SHU Lt. DeWoody placed me the cell with an Inmate they knew to be a Convicted Rapist & Pediphile Jackson Junior Horrison, a Bi-sexual Registered Sex Offender in retaliation for "Threatening Staff".
   A) I was placed on Paper Uniform Along with Mr. Horrison for 30 days! Warden Lammer approved this Action, when I had done nothing wrong. (An FBI Polygraph test for myself as well as Mr. Horrison [who is now released in Augusta, GA As a Registered Sex Offender] can be confirmed.
   For 3 weeks, we were not Allowed a clean paper uniform or boxers, then Again for Another week. Which continued until I filed a BP-8 & was ordered to be moved out of the cell with Mr. Horrison when I stated & had him sign that I am not responsible for the action & conduct of a Bi-Sexual Rapist & Registered Sex Offender".

5) SHU Sen. Ofcr. Bandana stated to Mr. Horrison & myself that he could not wait to see "the Match-up" of "Army Ranger v. Private Army". I took this to indicate Ofcr. Danny Long being a Ranger & myself being "Private Army": meaning Mercenary, Arms Dealer that is a Convicted Bank Robber & Career Criminal.
   The next day, on Friday April 1st, SHU Ofcr. Bandana told Mr. Horrison to "beat his ass", "if you get him, I got you".
   A) On April 3d Sun 1:30 AM, Mr. Horrison punched me in the mouth while I was asleep. Which caused me to break my right hand, shattering 2 hand-bones & another is sitting on top. I have to have Rods & pins placed in my hand which will affect my work in Weapons Development.

B) Mr. Horrison "screamed out" "Hate Crime!" to get me to stop beating him. I beat Mr. Horrison for a period of 14 days afterward, until I evaluated that Mr. Horrison has an IQ of 57 which is legally retarded, but lawfully responsible for his conduct & behavior.

C) Numerous staff was aware that Mr. Horrison is easily impressionable & hubris. I believe their intent was for me to kill Mr. Horrison. It is a known fact that "the South Car" will kill cellmates when uncompatiable, more than any other Black Car/Group.

6) Arrowhead Regional Medical Center in Redlands Indio, CA (909)580-1000 Dr. Aaron Wong, Hand Specialist & Dr. (Ms) Michelle Ye, Physician can confirm the damage to my right hand & that Victorville FCC USP RN Joseph Esguertini & Catalino Bautisin, MD "refused" to allow me to have surgery on my right hand.

A) Coleman 1 USP in Coleman, Flo.: Ricard Li, MD can confirm under FBI Polygraph that Victorville USP/FCC stated in my medical file, that my right hand was healed & did not require surgery.

B) While at Arrowhead Hospital I asked a female Security to contact the FBI in Victorville & the DOJ to report Warden B. Lammer & Capt. Stickles for attempting offer me whatever I wanted to let it go, so it can be covered up by Regional Dir. (Ms) M. Rios.

7) Psych Dr. (Ms) Pagano states in Exhibit #2 "Displinary Hearing Officer Report (III C. 4.) We are very familiar with this inmate as he presents as highly delusional & has a current diagnosis of Delusional Disorder per Psychology Services." (III C. 4.) April 15th 2023 will mark 15 yrs of incarceration for me. At no time during this or previous incarcerations have I ever been diagnosised nor accussed of being "Delusional" until Victorville FCC/USP & I began going to the FBI Victorville Field Ofc. Against BOP employee Organized Crime against Inmates & staff that disagree with crime being committed against inmates by staff of BOP.

A) The BP-8 (Govt.) document that I wrote that got me out of the cell with Mr. Horrison was "destroyed" by Mr. B. Lammer, along with the BP-9 (to the Warden). Psych Intern Ms. Oshiro was given a copy, along with a letter in which confirmed that my Technology Developements were to compete against Raytheon Missles in Ariz. This copy was "destroyed" as well. Ms. Oshiro can confirm by FBI Polygrap that SHU Chief Psychologist Dr. (Ms) Abrahnas stated that "she" wanted these docume to return them to me in 3B in Gen. Pop.

B) An FBI Polygraph under Civil Investigative Demand of Plaintiff's Ofc. Danny Long & his wife will confirm that 1) I do not know Mrs. Long, she has not ever heard me threaten her in any way. 2) Danny will confirm by polygraph that he has not ever heard me threaten his life, his wife's life or any one's life.

8) In Dir. Rios' Regional Response "1126639-R1" FCC Victorville, she incriminates herself by "confirming" that she is a knowing participant in the criminal conduct & is participating in "hiding" Mr. Lammer's, etc. conduct from the FBI, DOJ & the U.S. Public to protect herself & the BOP (employers) from Justice.

9) I am in constant pain because of the damage to my dominant right-hand. I have to pay for my surgery so that I can renounce my U.S. Citizenship as an European Union Citizen to return to my practice in Weapons & Weapons Systems Technology Development as a Weapon Scientist. & The BOP, U.S. Dist. Ctr. & DOJ were all aware of my practice & the fact that I filed a request for "Diplomatic Immunity Status" previous to these events.
   For the damages to my Right Hand & expenses I demand to be awarded the sum of $15,000,000.00 / $Fiftheen Million Dollars US

10) The other Plaintiffs, majority, are descent people & good human beings that are honestly providing for their families & setting good paths for others, despite working/associating with "scum" that are employed with them by the BOP.
   We demand damages in the amount of $8,000,000.00 / $Eight Million Dollars US:
   - $2,000,000.00 / $2M to be awarded to Psych Intern K. Oshiro.
   - $2,000,000.00 / $2M to be awarded to Sen. Ofcr. Danny Long
   - $2,000,000.00 / $2M to be awarded to Mrs. Long (Not Employed w/ the BOP)
   - $1,000,000.00 / $1M to be awarded to Richard Li, MD (Coleman Flo.)
   - $500,000.00 / $500K to be awarded to Jackson Junior Horrison
   - $500,000.00 / $500K to be awarded to Care of myself to be donated for Children's corrective surgeries.

   X Asking a Demand total of $23M / $Twenty-Three Million Dollars for damages caused by U.S. Govt. Corruption within the BOP/U.S. Govt.

*The BOP, U.S. Dist. Ctr. & DOJ were all aware of my communications w/ the Czech Republic Consulate General's Ofc. (See Compassionate Release Request U.S. Dist. Ctr. MDNC 2021-22) that I would be returning to selling American & International Small Arms, & returning as a Weapons Scientist in the European Union as a Bohemian-Czechoslovakian in Romania, Czech Republic or Moldova. & I'm Muslim!*

Travis D. Arnold, Ph.D Primary Plaintiff         Date: Jan. 5th, 2023
[signature]

Exhibit #5

| BP-A0288 | INCIDENT REPORT |
|---|---|
| | Dept. of Justice / Federal Bureau of Prisons |

### Part I - Incident Report

| 1. Institution: **VICTORVILLE USP** | | Incident Report Number: **3600099** | |
|---|---|---|---|
| 2. Inmate's Name **ARNOLD, TRAVIS** | 3. Register Number **18706-058** | 4. Date of Incident **02-27-2022** | 5. Time **1744 hrs** |
| 6. Place of Incident **Lieutenant offce** | 7. Assignment **FS KIT AM** | 8. Unit **3 B** | |
| 9. Incident **203 -- THREATENING BODILY HARM.** | | 10. Prohibited Act Code(s) **203** | |

11. Description Of Incident
   (Date: **02-27-2022**   Time: **1744 hrs**   staff became aware of incident)

**At approximately 1744 while serving a incident report to Inmate ARNOLD, TRAVIS, #18706-058 inmate ARNOLD, TRAVIS, #18706-058 stated that he would "kill Officer Long and his wife if he had good time taken for this." When I asked him about his comment he stated that its his culture and I wouldn't understand and he did not have enough time to explain it to me.**

| 12. Typed Name/Signature of Reporting Employee **M Montgomery** | | 13. Date And Time **02-27-2022 1850 hrs** |
|---|---|---|
| 14. Incident Report Delivered to Above Inmate By (Type Name/Signature) **DeWoody, C.** | 15. Date Report Delivered **02-28-2022** | 16. Time Report Delivered **1501 hrs** |

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

Prescribed by P5270                                      Replaces BP-S288.052

| BP-A0288 | INCIDENT REPORT | |
|---|---|---|
| Dept. of Justice / Federal Bureau of Prisons | | |
| Inmate's Name<br>**ARNOLD, TRAVIS** | Register Number<br>**18706-058** | Incident Report Number<br>**3600099** |

### Part II - Committee Action

17. Comments of Inmate to Committee Regarding Above Incident
**PER PSYCHOLOGY PAGANO, I'M SUPPOSED TO TALK TO STAFF WHEN I'M FEELING LIKE ARGUING TO STAFF. I DID THAT.**

18. A. It is the finding of the committee that you:
   _ Committed the Prohibited Act as charged.
   — Did not commit a Prohibited Act.
   — Committed Prohibited Act Code(s)

   B. **X** The Committee is referring the Charge(s) to the DHO for further Hearing.

   C. **X** The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days.

19. Committee Decision is based on Specific Evidence as Follows:
**BODY OF THE INCIDENT REPORT**

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act)
**DS-45 DAYS**

21. Date And Time Of Action **03-03-2022 1117 hrs**   (The UDC Chairman's signature certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings.)

**M ESCAMILL**
_____          _____          _____
Chairman (Typed Name/Signature)    Member (Typed Name)                Member (Typed Name)

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

| BP-A0288 | **INCIDENT REPORT** | |
|---|---|---|
| | Dept. of Justice / Federal Bureau of Prisons | |
| Inmate's Name<br>**ARNOLD, TRAVIS** | Register Number<br>**18706-058** | Incident Report Number<br>**3600099** |
| Part III – Investigation | | 22. Date & Time Investigation Began<br>**02-28-2022 1400 hrs** |

23. Inmate Advised of Right To Remain Silent: You are advised of your right to remain silent at all stages of the discipline process. Your silence may be used to draw an adverse inference against you at any stage of the discipline process. Your silence may not be used to support a finding that you have committed a prohibited act.

The Inmate Was Advised Of The Above Right By **DeWoody, C.**
At (Date/time) **02-28-2022 1501 hrs**

24. Inmate statement and attitude

   **Inmate Arnold, Travis Reg. No.18906-058 was advised of his rights and stated he understood his rights.**

   **Inmate Arnold, Travis Reg. No.18906-058 declined to make a statement.**

   **Inmate Arnold, Travis Reg. No.18906-058 displayed a fair attitude during this investigation and was given a copy of the incident report.**

25. Other facts about the incident, statements of those persons present at scene, disposition of evidence, etc.

   **Inmate Arnold, Travis Reg. No.18906-058 requested no witnesses.**

26. Investigator's comments and conclusions

   **Based on the statement provided by the writer of this incident report in block 11, there is sufficient evidence to warrant the charge(s) of:**
   **(203) Threatening bodily harm.**

27. Action taken

   **Incident report referred to UDC for further disposition.**

Date and Time Investigation Completed: **02-28-2022 1523 hrs**

Printed Name/Signature Of Investigator: **DeWoody, C**

Investigator Title: **SHU Lieutenant**

Prescribed by P5270　　　　　　　　　　　　　　　　Replaces BP-S288.052


Exhibit #8

| BP-A0304 | **DISCIPLINE HEARING OFFICER REPORT** |
|---|---|

Dept. of Justice / Federal Bureau of Prisons

| Institution: **VICTORVILLE USP** | Incident Report Number: **3600099** | |
|---|---|---|
| NAME OF INMATE: **ARNOLD, TRAVIS** | REG.NO.: **18706-058** | UNIT: **3 B** |
| Date of Incident Report: **02-27-2022** | Offense Code(s): **203** | |
| Date of Incident: **02-27-2022** | | |

Summary of Charges:

**203 -- THREATENING BODILY HARM.**

****RECONSIDERATION****

I. NOTICE OF CHARGE(S)

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on **02-28-2022** at **1501 hrs** (by staff member) **DeWoody, C.**

B. The DHO Hearing was held on **05-03-2022** at **0850 hrs**

C. The inmate was advised of the rights before the DHO by (staff member): **M. ESCAMILLA** on **03-03-2022**
and a copy of the advisement of rights form is attached.

D. Delay in Process **None**

II. STAFF REPRESENTATIVE

A. Inmate waived right to staff representative:  [Yes] ___  [No] **X**

B. Inmate requested staff representative and
**NA**                                                                    appeared.

C. Staff Representative's Statement:
**"I reviewed the packet and found no due process errors."**

D. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that:
**NA**

E. Staff representative **SOE A. Orr**                    was appointed.

III. PRESENTATION OF EVIDENCE

A. Inmate **neither admits nor denies the charge(s)**.

B. Summary of Inmate Statement:
**Inmate Travis ARNOLD, Register Number 18706-058 declined the opportunity to appear at his discipline hearing and refused to sign his waiver of appearance form.**

Prescribed by P5270                                    Replaces BP-304(52) of Jan 88



BP-A0304    **DISCIPLINE HEARING OFFICER REPORT**

Dept. of Justice / Federal Bureau of Prisons

C. Witnesses

1. The inmate waived right to witnesses.  [Yes] __   [No] **X**

2. The following persons were called as witness at this hearing and appeared (Each witness name and statement listed below):
   **NA**

3. The following persons requested were not called for the reason(s) given (Each witness name and statement listed below):
   **Although Lt. Valli was called upon to provide a witness statement. However, correspondence with him revealed he was not a witness to the incident as he was not present when it occurred.**

4. Unavailable witnesses were requested to submit written statements and those statements received were considered (Each witness name and statement listed below):
   **Dr. Pagano provided a written statement which read, "He reported to me during SHU rounds that he was told by a Psychologist (who is no longer at FCC Victorville) to talk to Psychology if he feels like hurting someone. However, I reviewed all of his documentation and there's no mention of that anywhere. However, we are very familiar with this inmate as he presents as highly delusional and has a current diagnosis of Delusional Disorder per Psychology Services."**

D. Documentary Evidence. In addition to the Incident Report and Investigation, the DHO considered the following documents:
   **Incident Report - Staff Memorandums -- (BOP-IRMEM): Warden's Appointment of Staff Representative**
   **Duties of Staff Representative -- (BP-A306)**
   **Waiver of Appearance -- (BP-A307)**
   **Incident Report - Staff Memorandums -- (BOP-IRMEM):P Witness Statements**
   **Incident Report - Mental Health Evaluation -- (BOP-IRMHE)**

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:
   **NA**

IV. FINDINGS OF THE DHO

**X** A. The act was committed as charged.   __ C. No prohibited act was committed:
__ B. The following act was commmitted:              Expunge according to inmate
                                                     discipline PS.

V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations written documents, etc.)

**The DHO reviewed the discipline packet and determined a reconsideration was necessary. The DHO conducted the reconsideration on May 3, 2022at 8:50 a.m. with the following result:**

**The inmate was afforded an opportunity to attend his DHO hearing and declined. The DHO ensured that two staff members signed the Waiver of Appearance form to certify the inmate's declination. The DHO conducted a record review of the inmate's due process rights and determined the inmate received a copy of the incident report. The DHO reviewed information obtained from his witness. The Warden appointed a full time staff**



BP-A0304    **DISCIPLINE HEARING OFFICER REPORT**

Dept. of Justice / Federal Bureau of Prisons

---

member to act as Staff Representative and that staff member was present at the hearing.

The DHO found inmate Travis ARNOLD, Register Number 18706-058, committed the prohibited act of Threatening Another with Bodily Harm, in violation of Code 203. The DHO relied upon the reporting officer s statement, which indicated:

At approximately 1744 while serving a incident report to Inmate ARNOLD, TRAVIS, #18706-058 inmate ARNOLD, TRAVIS, #18706-058 stated that he would "kill Officer Long and his wife if he had good time taken for this." When I asked him about his comment he stated that its his culture and I wouldn't understand and he did not have enough time to explain it to me.

The DHO relied upon the Mental Health Evaluation conducted by Psychology Intern K. Oshiro who indicated inmate ARNOLD was competent to understand the disciplinary proceedings and responsible for his conduct at the time of the incident.

The DHO relied upon the correspondence with Dr. Pagano in which she indicated ARNOLD told her another Psychology staff member advised him to report to Psychology if he was having feelings of hurting others, however, Dr. Pagano was not able to locate any information within ARNOLD's file regarding this claim. Pagano also stated ARNOLD presents with Delusional Disorder as being highly delusional. However, Bureau records reflect ARNOLD is classified as CARE1-MH inmate. This classification is given to inmates who show no significant level of functional impairment associated with a mental illness and demonstrates no need for regular mental health interventions. Furthermore, the DHO found no evidence in the record indicating staff suspected you were mentally ill or that you expressed your inability to present a defense due to a mental condition.

The DHO considered Staff Representative, Mr. Orr's statement in which he indicated he reviewed the discipline packet and noted the inmate's due process remained in tact throughout each stage of the disciplinary process.

The DHO reviewed the investigation and UDC portions of the disciplinary process and noted inmate ARNOLD declined to provide a statement of defense during the investigation. However, during the UDC, ARNOLD claimed he was advised by Dr. Pagano to "talk to staff when I'm feeling like arguing to staff." And said he did just that during the incident. The DHO found this statement to be contradictory to Dr. Pagano's testimony and gave ARNOLD's statement to the UDC no merit.

The DHO drew an adverse inference against inmate ARNOLD for declining to appear at his discipline hearing and interpreted it to mean he had no viable evidence nor interest in refuting the charge against him. The DHO determined that ordinarily inmates charged with a serious offense and are truly innocent, attend their hearing and provide a statement to explain the circumstances of the incident.

Based upon the greater weight incident report as written, the mental health evaluation deeming the inmate competent and responsible, the witness testimony provided by Dr. Pagano which contradicted the inmate's statement during the UDC, the DHO was convinced inmate Travis ARNOLD, Register Number 18706-058, did Threaten Another with Bodily Harm, in violation of Code 203.

---

Prescribed by P5270                                   Replaces BP-304(52) of Jan 88



**BP-A0304**  **DISCIPLINE HEARING OFFICER REPORT**

Dept. of Justice / Federal Bureau of Prisons

---

VI. SANCTION OR ACTION TAKEN

**Original sanctions imposed were upheld. Serve any remaining time.**

**203 (FREQ 1) - DIS GCT 27 DAYS, 203 (FREQ 1) - DS 60 DAYS, 203 (FREQ 1) - LP PHONE 4 MONTHS**

---

VII. REASON FOR SANCTION OR ACTION TAKEN

**Any action on the part of any inmate to threaten anyone seriously jeopardizes the safety and security of the facility, and the safety of others. These actions hinder staff's ability to effectively manage inmates. The disallowance of good conduct time was imposed based upon the severity of the prohibited act and the inmate s sentence commitment. Disciplinary segregation and sanctions were imposed to encourage the use of better judgment in further interactions. Inmates must be held accountable for their actions.**

---

VIII. APPEAL RIGHTS: **X** The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

---

IX. Discipline Hearing Officer

| Printed Name | Signature | Date |
|---|---|---|
| **D. GODWIN** | **D. GODWIN** | **03-30-2022** |

DHO Report Delivered to Inmate by:

| **K. WALLS** | **K. WALLS** | **05-13-2022 1430 hrs** |
|---|---|---|
| Printed Name of Staff | Signature of Staff | Date & Time Delivered |

---

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

---

Prescribed by P5270                                Replaces BP-304(52) of Jan 88

F.C.C. COLEMAN
MAIL ROOM
846 N.E. 54TH TERR
COLEMAN, FLORIDA
33521

THE ENCLOSED LETTER WAS PROCESSED THROUGH SPECIAL MAILING. THE LETTER HAS BEEN NEITHER OPENED OR INSPECTED. IF THE WRITER RAISES A QUESTION OR A PROBLEM OVER WHICH THIS FACILITY HAS JURISDICTION, YOU MAY WISH TO RETURN THE MAIL FOR FURTHER INFORMATION OR CLARIFICATION. IF THE WRITER ENCLOSED CORRESPONDENCE FOR FORWARDING TO ANOTHER ADDRESSEE, PLEASE RETURN THE ENCLOSURE TO THE ABOVE ADDRESSEE.

DATE ____ MAIL ROOM STAFF ____

